HENRY J. BLAIR, Plaintiff, *v.* MABEL J. BLAIR, Defendant.

Supreme Court, Broome County, February 25, 1927.

Husband and wife — annulment — defendant married first husband three months before he had been divorced from his first wife — plaintiff entitled to decree annulling marriage with defendant — common-law marital relationship existed between parties — divorce decree obtained in State of matrimonial domicile entitled to full faith and credit under United States Constitution, art. 4, § 1.

Plaintiff is entitled to the annulment of his marriage with the defendant where the evidence shows she married a man in this State three months before he had been divorced by his first wife in an action in Pennsylvania and subsequently cohabited with him for three years, since defendant's marriage to plaintiff, without first obtaining a divorce from her first husband, was void; there was a common-law marital relationship between defendant and her first husband under the circumstances and for that reason it was necessary for the defendant to obtain a decree of divorce from her first husband before she could become the lawful wife of the plaintiff in this action.

The decree of divorce granted the wife of defendant's first husband in the State of Pennsylvania, which was the State of matrimonial domicile and the domicile of said parties, on service by publication, will be given full faith and credit in this State under the full faith and credit clause of the United States Constitution, article 4, section 1.

ACTION brought by the plaintiff to obtain an annulment of the marriage between himself and the defendant on the ground that said marriage was illegal, in that the defendant was lawfully married to one Paul L. Kitchin when she married this plaintiff.

*F. Newell Gilbert*, for the plaintiff.

*A. Ray Humphrey* [*Arthur J. Ruland* of counsel], for the defendant.

ABRAHAM L. KELLOGG, J. It appears that the plaintiff was a resident of Johnson City, Broome county, and was married to the defendant at the town of Union on December 16, 1918. The defendant had, however, been previously married to one Paul L. Kitchin.

Paul L. Kitchin came from the State of Pennsylvania, where he had been married to one Mary Ann Robbins, December 30, 1908. They lived and cohabited as husband and wife to the 10th day of November, 1910. The marriage of defendant's former hus-

band, Paul L. Kitchin, to Mary Ann Robbins was solemnized in the State of Pennsylvania and at that time both of them were residents of that State.

The evidence in the case shows that Paul L. Kitchin on or about February 6, 1911, left and abandoned his lawful wife, Mary Ann Robbins Kitchin, and came to the State of New York where he remained until about April 11, 1911. On the 31st day of July, 1913, Mary Ann Robbins brought proceedings against Paul L. Kitchin for a divorce and an order was obtained to serve the summons in that action upon him by publication in the State of Pennsylvania, which was completed February 2, 1914. The defendant Paul L. Kitchin did not appear and a decree of divorce was granted against him in favor of Mary Ann Kitchin in June, 1914.

Over two months, however, previous to the entry of this decree against Paul L. Kitchin in the State of Pennsylvania, the defendant in this action married Paul L. Kitchin in Endicott, Broome county, N. Y., while the said Pennsylvania marriage with Mary Ann Kitchin was still in force and had not been dissolved.

The matrimonial domicile of Paul L. Kitchin and his former wife, Mary Ann Robbins Kitchin, was in the State of Pennsylvania.

The courts of Pennsylvania by virtue of the husband's duty to be at the matrimonial domicile could treat him as having his residence there for the purpose of dissolving the marriage, and render judgment to that effect, and could so do and such a decree would be entitled to recognition in all other States under the full force and credit clause of article IV, section 1, of the Constitution of the United States. (*Atherton* v. *Atherton*, 181 U. S. 155.)

The courts of Pennsylvania also had the right to dissolve the marriage between Paul L. Kitchin and Mary Ann Kitchin according to the law of the State of Pennsylvania, that being the State of their domicile. (*Haddock* v. *Haddock*, 201 U. S. 562. See, also, *Barber* v. *Barber*, 21 How. [U. S.] 582.)

The proceedings for divorce brought by Mary Ann Kitchin July 31, 1913, were legal and valid and the petitioner therein being unable to serve personally on the defendant Kitchin, an order to serve him by publication was made November 25, 1913, in the Common Pleas Court, Northumberland county, Penn., and publication was made and completed February 2, 1914. The defendant did not appear and the case was duly tried and evidence taken and decree of divorce granted June 22, 1914. Up to that date, therefore, June 22, 1914, Paul L. Kitchin was the lawful husband of Mary Ann Robbins Kitchin and had no right to marry this defendant, Mabel J. McCray.

On March 18, 1914, three months and four days before the Pennsylvania marriage had been dissolved by the decree of the Northumberland court, freeing Paul L. Kitchin from Mary Ann Robbins Kitchin, Paul L. Kitchin married this defendant, Mabel J. McCray, in the town of Union, Broome county, New York.

It further appears that Kitchin and defendant lived together as husband and wife for about three years after the ceremonial marriage which was performed between them; that during this time they bought and sold real estate as husband and wife and were so recognized in the community where they lived; that after Kitchin left the defendant she went to his mother's home in Pennsylvania and stayed there several days, whereupon she went with Kitchin to a hotel in Shamokin and lived there with him a week or more and then returned to the State of New York. Thereafter she instituted an action to have her marriage with Kitchin annulled, and in July, 1918, her attorney procured an order for the service of the summons therein by publication, but nothing further was ever done in the prosecution of this action. The defendant contends that there was no common-law marital relationship existing between the defendant and Paul Kitchin, in that the marriage between them was a ceremonial marriage. I am not able to determine how it is possible for the learned counsel for the defendant to reach such a conclusion.

The defendant admitted, when she was called as a witness by the plaintiff, that she was married to the plaintiff and the certificate of the record of her marriage to Henry J. Blair, on December 16, 1918, and recorded in the town clerk's office of the town of Union, Broome county, was offered and received in evidence and marked plaintiff's Exhibit " E."

The defendant further claims that whatever may have been the status of the action brought by Paul Kitchin's wife, Mary Ann Robbins Kitchin, against him, was entirely invalid so far as he was concerned and that it did not subsequently acquire any different status after the rendition of the final decree; that the bar to the marriage existing at the time of the marriage between defendant and Kitchin was never removed and will continue to be in full force and effect so long as Mary Ann Robbins Kitchin lives, notwithstanding the fact that Paul Kitchin himself has since remarried, as appears in the evidence, and that the marriage between the defendant and Kitchin was, therefore, void and not voidable. I am not able to be in accord with this suggestion.

It must be kept in mind that this action is not brought to annul defendant's marriage with Kitchin, but it is an action by the plaintiff to have the validity of his marriage with this defendant

11 .

Mabel J. Kitchin Blair determined. In order to do this the plaintiff has shown the facts and circumstances connected with the marriage of Kitchin and the defendant so that the court might determine as to whether or not when the plaintiff and defendant were married the defendant was competent to enter into that relation. A marriage contract when the former spouse of one of the parties is living, is either void or voidable according to the circumstances. I am of the opinion that it was necessary for the defendant to obtain a decree of divorce from Paul L. Kitchin before she could become the lawful wife of the plaintiff in this action, Henry J. Blair. The marriage relation is unstable enough without a holding to the contrary by this court. Section 1132 of the Civil Practice Act provides that an action may be maintained to procure a judgment declaring the nullity of a void marriage or annulling a voidable marriage. Why a judgment declaring the nullity of a void marriage? If it was void it did not exist. I am of the opinion that the provision was made because of the principles governing a marriage contract. Under our laws, marriage is a civil contract, but for the protection of the citizen of the State, the morality of the people, and the sacredness of the home, the State has always regulated marriage contracts and the dissolution thereof. It is a party to the contract. While in other contracts the parties may refuse to be bound thereby and declare no contract exists, in the case of a marriage contract the State does not allow the parties to declare it at an end and hence the Legislature has said that it is the public policy of the State that a marriage contract cannot be set aside by the parties without the consent of the State evidenced by a judicial determination.

It appears from the testimony in the case that the defendant at the time of her marriage with Kitchin had knowledge that Paul L. Kitchin was still the husband of Mary Ann Roberts Kitchin, and it follows that the plaintiff in this action must have clearly understood the situation. Just why the plaintiff and defendant separated some two years ago, after they had lived together and cohabited as husband and wife, does not seem quite clear, nor is that a subject which is under investigation here or with which the court has to deal. A most unfortunate circumstance is, that two children were born as the issue of the plaintiff and defendant after an interrupted cohabitation of about eight years. Without further explanation it would seem unthinkable to give the plaintiff the decree he requests in this action if the court did not feel compelled to do it as a matter of law.

It follows, therefore, that the plaintiff is entitled to a decree annulling the marriage between himself and the defendant as follows:

*First.* Declaring the said marriage contract between them void.

*Second.* That the defendant is not entitled to dower in any portion of real estate of the plaintiff.

*Third.* That the children, the issue of the said marriage of plaintiff and defendant, may be adjudged the legitimate children of the plaintiff and entitled in all respects whatsoever to be treated as such.

Costs are not to be awarded against the defendant.

Findings and judgment in accordance with the foregoing.