## SAUL HOROWITZ
### vs.
## MARY KENNY HOROWITZ

Superior Court        Hartford County        File #56804

MEMORANDUM FILED MARCH 15, 1938.

F. Himmelstein, of Hartford, for the Plaintiff.

INGLIS, J.  This is an action for divorce on the ground of fraudulent contract.  It appears that in November, 1936, the defendant had sexual intercourse with the plaintiff at Providence, R. I., in which city the defendant then resided.  In January, 1937, the defendant told the plaintiff that she had consulted a doctor and he had advised her that she was pregnant.  She claimed that the plaintiff was responsible for her condition and asked him to marry her.  Thereafter on several occasions she repeated that request and made threats of criminal prosecution unless the plaintiff would marry her.  Finally, in the fore part of February, the plaintiff asked the defendant to again consult a doctor and within a few days she reported to him that she had seen a physician and that he had advised her that she was pregnant.

On the strength of that assurance, the plaintiff married the defendant on February 27, 1937.  They have never lived together as husband and wife.  In April, 1937, it became apparent to the plaintiff, at least as he thought, that his wife was not pregnant.  He therefore interviewed her at her home.  At that time she did not deny his claim that she was not pregnant but flew into a rage, said something to the effect that she thought that she was pregnant by another man and married the plaintiff anyhow because she needed somebody.  She thereupon threw a book at the plaintiff.

It cannot be found as a matter of fact, merely on the strength of that statement made under those circumstances that prior to the marriage the defendant actually believed that she was pregnant by some man other than the plaintiff.  At the time she made the statement the defendant had lost her temper and obviously was talking without regard to the truth for the sake of irritating the plaintiff in return for his accusations against her.

On the facts as found the plaintiff has failed to make out a case in two particulars.  In the first place the evidence does not justify a finding that the defendant knew that her repre-

sentations as to her pregnancy were false at the time she made them. It is entirely probable that she in good faith believed that she was pregnant. And, lacking evidence any more substantial than her reckless statement made in the heat of anger, it cannot be found that she then believed that her pregnancy was caused by someone other than the plaintiff.

In the second place even though her representations were fraudulent they were not such as went to the essence of the marriage relationship. In order that a fraudulent representation should be a ground for divorce it must be something more than a representation which induced the marriage. It must be a "deception in respect to some fact whose existence or nonexistence may affect in some certain way the very essence of the marriage relation, resulting in a lawful marriage which practically operates as a fraud upon the deceived spouse; and the existence or nonexistence of the fact thus concealed or misrepresented must operate, as between the parties to the marriage, to prevent some essential purpose of marriage and work a practical destruction of that relation." *Gould vs. Gould,* 78 Conn. 242, 261, See, also, *Lyman vs. Lyman,* 90 Conn. 399, 402.

The false representation of a woman that she is pregnant by the man who is thereby induced to marry her is not the representation of a fact which if it does not exist prevents some essential purpose of marriage and works a practical destruction of the relationship. The representation of such a fact when as a matter of fact the woman is actually pregnant by some one else as in the Lyman case, *supra,* is quite a different matter. It is one of the essentials of the marriage relationship that the husband is bound to acknowledge as his own and support such children as are born to the wife during wedlock. If by marriage he is to be put into a position where he has to support a child who is not his own that clearly goes to the essentials of the marriage relationship. But a mere representation of pregnancy where none exists does not result in any harm to the marriage relationship. The marriage relation can go on as well if the woman is not pregnant at the time of marriage as it could if she were pregnant. The claim of pregnancy may be the chief inducement to the particular marriage but the fact of lack of pregnancy does not materially affect the status of the marriage after it has been entered into.

Moreover, even though the situation were that the defendant represented that the plaintiff was the one who was respon-

sible for her pregnancy when she believed that some other was responsible (and as stated above that cannot be found to be the situation in this case), still so long as she was not actually pregnant no harm was done to the marriage status. Previous unchastity concealed from a husband who previous to the marriage had himself had sexual intercourse with the wife does not lay a foundation for a divorce on the ground of fraudulent contract. *Wetstine vs. Wetstine,* 114 Conn. 7. And so long as the wife's previous incontinence concealed from the husband does not result in his being apt to be saddled with a child not his own such misrepresentation does not go to the essence of the marriage relationship.

Judgment may enter denying the divorce.