## FREDERICK F. SCHIBI v. RUTH M. SCHIBI

SUPERIOR COURT        LITCHFIELD COUNTY        FILE No. 12429

Memorandum filed February 9, 1949.

*Wall & Wall,* of Torrington, for the Plaintiff.

ROBERTS, J. This is an action for annulment of a marriage on the grounds that there was no mutual consent of the parties to enter into a contract of marriage and no intent to incur the legal obligations of a marriage contract.

The defendant some time in the latter part of 1946 informed the plaintiff that she was pregnant with child by him. As a result of conferences between the parties, some being in the presence of attorneys, according to the testimony of the plaintiff no defense being offered to the action, it was agreed that they were to be married and then the defendant was to apply for an annulment six weeks after the marriage. The expressed purpose of the marriage was to give the child a name. The marriage ceremony was performed in New York City January 26, 1947. The plaintiff returned to New Hartford after the marriage and the plaintiff and defendant have not lived together since the marriage. The plaintiff· has resided and had his domicil in New Hartford for twenty-five years and the defendant is now residing in New Hartford. A child was born to the defendant in the Winsted Hospital, and, although the date of birth and name of child did not appear in the testimony offered, it is alleged in the complaint to be Frederick F. Schibi, Jr., born on July 1, 1947. The plaintiff has contributed to the support of the child since his birth and also paid the lying-in expenses at birth. The defendant has not brought any action for annulment.

This court has jurisdiction to pass upon the question whether such a decree should enter. Whether the marriage is to be declared void depends upon the law of New York. *Davis v. Davis,* 119 Conn. 194, 197.

This marriage is not void by reason of the provisions of the statutes of New York and certainly does not appear to be voidable by reason of being under the age of consent, or being unable to consent for want of understanding, or incapable of entering into marriage for a physical cause, or by reason of incurable insanity or by reason of consent obtained by force or duress, and can only be claimed to be voidable under the New York statute law by reason of consent to the marriage being obtained by fraud. N. Y. Domestic Relations Law § 7 N. Y. Civ. Pract. Act §§ 1132-3, 1136-9, 1141.

Contracting parties to a marriage are not the only ones interested in the result of a matrimonial action,, and actions to annul marriage involve questions of public policy, which influence to a considerable extent the court's decision, and the decision should be within the· discretion of the court. *Smith v. Smith,* 129 Misc. (N. Y.) 503.

The principle that the state is an interested party in a marriage contract and parties cannot set it aside without the state's consent as evidenced by judicial determination is recognized in *Blair* v. *Blair*, 129 Misc. 159, 162; *Borgstedt* v. *Borgstedt*, 188 Misc. 183. This principle of the state being in a sense an interested party is also recognized in Connecticut. *Allen* v. *Allen*, 73 Conn. 54, 55; *Dennis* v. *Dennis*, 68 Conn. 186, 196.

Alleged prenuptial agreement of wife allegedly pregnant by a third person that child, when born, would be adopted out, was against public policy, and wife's refusal to give up child was not ground for annulment of marriage. *Kingsbury* v. *Kingsbury*, 75 N. Y. S. 2d 669.

The instant case does not present the situation where there was a false representation in regard to pregnancy, as was the case in *DiLorenzo* v. *DiLorenzo*, 174, N. Y. 467. It is not a case where the defendant fraudently induced the plaintiff to enter into the marriage by falsely claiming that he was the father of the unborn child as was the case in *Lyman* v. *Lyman*, 90 Conn. 399.

"Fraudulent contract" under our divorce law in Connecticut has been defined as a "deception in respect to some fact whose existence or nonexistence may effect in some certain way the very essence of the marriage relation, resulting in a lawful marriage which practically operates as a fraud upon the deceived spouse; and the existence or nonexistence of the fact thus concealed or misrepresented must operate, as between the parties to the marriage, to prevent some essential purpose of marriage and work a practical destruction of that relation." *Gould* v. *Gould*, 78 Conn. 242, 261; *Lyman* v. *Lyman*, supra 402; see also to the same effect *Behrmann* v. *Behrmann*, 110 Conn. 443, 445; *Horowitz* v. *Horowitz*, 6 Conn. Sup. 14.

The view has been taken that a marriage solemnized in good faith is not void merely because the contracting parties may at some prior time have entered into an agreement or understanding that the marriage should be invalid, or that it may be terminated at the pleasure of the parties, or either of them, or by an uncontested divorce proceeding. 35 Am. Jur. 208, § 39.

There is a child the issue of the marriage in this case and no claim for an order or judgment in relation to such child has

been made in this action. See General Statutes, Cum. Sup. 1939, § 1316e (Rev. 1949, § 7341); N. Y. Civ. Pract. Act § 1135.

The parties in this case do not appear to be under any legal disability because of age or otherwise. The plaintiff was at least twenty-three years of age, although his exact age is not shown by the evidence, when he entered into this marriage contract. There was no fraud or concealment as to vitiate the marriage. There is a child born of this marriage. The marriage was not entered into in jest or as a mock marriage. This is not a case of two young people, by their foolish and unconsidered conduct, getting themselves into such a situation as arises out of the performance of a marriage ceremony between them without the intent on the part of either to enter into the marriage relationship, as was the case in Davis v. Davis, 119 Conn. 194, 203.

The court considers in the exercise of its discretion that the facts of this case do not warrant an annulment of the marriage and a finding that it was void, and that it would be against public policy to do so.

Judgment may enter denying the annulment and the other prayers for relief.